UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL EDWARD NEGETHON,

Plaintiff,

v. Case No. 26-cv-1404-bhl

TIMOTHY BRENNA,
DAVID WELLS,
NORTHPOINT INC.,
JOSH KAUL,
LARA KENNEDY,
JARED HOY,
CRIMINAL JUSTICE COORDINATING COUNCIL,
BRYAN HAYES,
CHRISTINE L. HANSEN,
MELISSA PONTO,
KARLA PREISS,
NEIL THORSON,
DEPARTMENT OF COMMUNITY CORRECTIONS, and
DEPARTMENT OF CORRECTIONS,

Defendants.

---

## SCREENING ORDER

---

Plaintiff Daniel Edward Negethon, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Negethon's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Negethon has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Negethon has filed a certified copy of his prison trust account statement for the six-

month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $37.87. Negethon's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Negethon asserts that state officials use a program called Correctional Offender Management Profiling for Alternative Sanctions (COMPAS) "to profile and manage its citizens." According to Negethon, the program is "fundamentally flawed, containing compounded errors and

systemic defects, that at times rise to the level of constitutional violations." He notes that his race, age, gender, ethnicity, disability, social class, and "other information" are entered into the program to "profile him." He states that the program creates a score or risk rating that categorizes a person at a low, medium, or high risk on various criminogenic scales, including legal system involvement, associates and peers, society and routines, thinking and attitudes, personality traits, cognitive behavioral, vocational/education, substance abuse, anger, and recidivism. Negethon asserts that Wisconsin officials use the program at all levels of the criminal justice system. Judges refer to COMPAS during sentencing and supervising agents and administrative law judges refer to it during revocation proceedings. He states that at every stage of the legal process, officials have relied on this "defective" program and that the creators of the program were aware of its deficiencies.

## THE COURT'S ANALYSIS

The complaint is long on legal conclusions, speculation, and bluster, but short on factual content. Essentially, Negethon dislikes a tool that has been used for many years by the Department of Corrections and state courts to assess a prisoner's programming needs and risk of recidivism. *See Tate v. Carr*, No. 20-cv-302-jdp, 2023 SL 4234707, at *1 (W.D. Wis. June 28, 2023). Negethon believes, in part, that the tool is defective and deficient because it uses "inaccurate, incomplete, and unreliable" information, but he does not identify the information he believes is inaccurate, incomplete or unreliable, and he does not indicate the conclusions or recommendations that are allegedly defective and deficient as a result. He vaguely alleges that his biographical data was used to "profile him" and discriminate against him, but he does not explain how he was profiled or treated differently from other inmates based only on that data. Indeed, he only speculates that identifying data such as date of birth, gender, and race are used when determining a person's risk profile. *But see, Henderson v. Stensberg*, No. 18-cv-555-jdp, 2021 WL 1221249, at *3 (W.D. Wis. March 26, 2021) (highlighting evidence that "COMPAS does not use race as a factor in its proprietary risk-assessment calculation, and that the program itself does not even know an offender's race").

It has long been held that legal conclusions without factual content are insufficient to state a claim. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Negethon provides no factual allegations to support his legal conclusions. Because the complaint is devoid of factual

content in support of Negethon's accusations of harm, it fails to state a claim upon which relief may be granted. Negethon may file an amended complaint if he believes he can provide the missing factual content to support his accusations. But Negethon is advised that multiple courts, including the Wisconsin Supreme Court, have concluded that the use of COMPAS during sentencing and parole determinations does not violate the Due Process Clause or the Equal Protection Clause. *See, e.g., State v. Loomis*, 371 Wis. 2d 235 (2016); *Henderson v. Stensberg*, No. 18-cv-555-jdp, 2021 WL 1221249 (W.D. Wis. March 26, 2021).

Negethon is also reminded that under §1983, only those people who are personally involved in a violation will be liable. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). This means that a plaintiff must include allegations that connect the person he is suing to the alleged misconduct. *Id.* Naming numerous people, companies, and agencies in the caption will not be sufficient for the Court to reasonably infer their personal involvement in the alleged violations.

Finally, Negethon is advised that if he chooses to file an amended complaint, it will replace the original complaint, so it must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Negethon's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Negethon's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that on or before **November 30, 2026**, Negethon may file an amended complaint if he believes, in good faith, he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Negethon a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order. Pursuant to Civil L. R. 9(b), Negethon must use the form. He may attach up to five additional pages if he needs more space.

**IT IS FURTHER ORDERED** that the agency having custody of Negethon shall collect from his institution trust account the $312.13 balance of the filing fee by collecting monthly payments from Negethon's prison trust account in an amount equal to 20% of the preceding

month's income credited to Negethon's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Negethon is transferred to another institution, the transferring institution shall forward a copy of this Order along with Negethon remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Negethon is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Negethon is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 2nd day of November, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge